**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

SHAUN C. ALLEN                                                                                      PLAINTIFF

v.                                              4:14CV00481-JM-JTK

JOHN STALEY, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the

1

form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.     INTRODUCTION

Plaintiff Shaun Allen is an inmate incarcerated at the Faulkner County Detention Center (Jail).  He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement while he was housed at the Lonoke County Detention Center (Jail) from July 2, 2014, until July 8, 2014.  Plaintiff asks for monetary relief from Defendants Sheriff John Staley, Lt. Bufford, Officer Dallas, and Assistant Jail Administrator Margie Grigsby.[1]

This matter is before the Court on Plaintiff's Motion and Supplemental Motion for Summary Judgment (Doc. Nos. 69, 73), and Defendants' Motion for Summary Judgment, Brief in support and Statement of Facts (Doc. Nos. 75-78).  Plaintiff filed a Response to the Defendants' Motion (Doc. No. 80).

## II.     AMENDED COMPLAINT

Plaintiff alleges that when he arrived at the Jail on July 2, 2014, he was not provided basic

---

[1]In his Original Complaint, Plaintiff also listed as Defendants two individuals identified only as "John Does."  (Doc. No. 2) However, he has never identified these Defendants by name and therefore, they were not served with summons or a copy of his Complaint.  These John Doe Defendants should be dismissed, for failure to serve.

necessities such as a spoon, cup, mat, or bed.  (Doc. No. 4) He states he was placed in a two-man cell with two other detainees and was forced to sleep on the floor next to the toilet, where one morning he was sprayed with urine when one of the other inmates used the toilet. (Id., pp. 2, 3) This arrangement also caused him back, hip, and neck pain and he developed rashes on his body and face. (Id.)  In addition, he developed blisters in and around his mouth as a result of eating with his hands. (Id.)  When he asked Defendant Dallas on July 2when he would be issued a bunk, mat, and utensils, Dallas replied that no open bunks or mats were available and that the Jail was waiting for a supply truck for utensils.  (Id.)  Dallas also refused to provide Plaintiff with a grievance form.  (Id.)  Plaintiff later wrote a grievance to Defendant Bufford about the lack of utensils, mat, and bed.  (Id., p. 3)  He claims the negligence of Defendants Staley, Bufford, and Grigsby resulted in Dallas placing Plaintiff in cruel, unusual, and unconstitutional conditions of confinement.  (Id.)

## III.   SUMMARY JUDGMENT

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial."  Id. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there

3

must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.    Plaintiff's Motions

Plaintiff states that Defendants admitted in their discovery responses that the Jail is overcrowded and that Defendant Staley implemented a policy to allow more than twenty inmates to sleep on the floor. Defendant Bufford admitted that inmates are not entitled to a bed and mattress, and all Defendants admitted placing Plaintiff in a two-man cell with two other detainees, thereby requiring him to sleep on the floor. In his Response to Defendants' Motion, he denies that Dallas gave him a mat or utensils and states that he asked Grigsby for a mat and utensils on several occasions. Although he was given blankets, he was not given a mat, and denies that detainees are responsible for the cleanliness of their cell. Finally, Plaintiff states that Defendants tampered with the date on the video they produced in evidence, and that it actually reflected his incarceration at the Jail on a different date.

### B.    Defendants' Response/Motion

#### 1.    Qualified immunity

Defendants state they are entitled to qualified immunity, which protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

4

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[2]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

As a pretrial detainee, Plaintiff's claims are governed by the Fourteenth Amendment's Due Process Clause.  Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).  However, the legal standard applied to detainee conditions of confinement claims is the same as that applied to an Eighth Amendment claim asserted by a convicted inmate. Id.  Although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In order to support an Eighth Amendment violation, Plaintiff must prove the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by prison officials in condoning or creating the conditions.  Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993).  The "defendant's conduct must objectively rise to the level of a constitutional violation,...,by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner."

---

[2]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Nelson v. Correctional Medical Services, 583 U.S. 522, 528 (8th Cir. 2009) (quoting Pearson v. Callahan, 555 U.S. at 236).

Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quoting Rhodes v. Chapman, 452 U.S. 337,

342 (1981) and Estelle v. Gamble, 429 U.S. 97, 104 (1977)).  "To be cruel and unusual punishment,

conduct that does not purport to be punishment at all must involve more than ordinary lack of due

care for the prisoner's interest or safety...." Wilson v. Seiter, 501 U.S. 294, 298-9 (quoting Whitley

v. Albers, 475 U.S. 312, 319 (1986)).  Furthermore, "discomfort compelled by conditions of

confinement, without more, does not violate the amendment." Smith v. Coughlin, 748 F.2d 783, 787

(2d Cir. 1984) (quoting Jackson v. Meachum, 699 F.2d 578, 581 (1st Cir. 1983)).

In addition, supervisor liability is limited in § 1983 actions, and a supervisor cannot be held

liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions.

See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).  A supervisor incurs liability only when

personally involved in the constitutional violation or when the corrective inaction constitutes

deliberate indifference toward the violation.  Choate v. Lockhart, 7 F.3d at1376.

Initially, Defendants Staley, Bufford, and Grigsby state that Plaintiff fails to support a

constitutional claim for relief against them because he does not allege personal involvement by them

with respect to the conditions to which he was subjected, and because liability cannot be based solely

on their supervisory positions, citing Clemmons v. Armontrout, 477 F.3d 962, 967 (8th Cir. 2007).

Plaintiff responds by claiming that Defendant Staley is directly responsible for Jail operations, and

implemented a policy of permitting detainees to sleep on the floor.

In his Amended Complaint, Plaintiff states that he complained about his conditions by filing

a grievance with Defendant Bufford.  While his allegations do not specifically point to direct

participation or knowledge by the Defendants, they do point to the acceptance or condoning of

certain practices by Defendants, and therefore, the Court will not dismiss Plaintiff's Complaint

against Defendants solely on this basis.

6

However, the Court does find that Defendants are protected by qualified immunity. First, Plaintiff claims Defendants violated his rights by requiring him to sleep on the floor of a two-man cell near the toilet with two other inmates, where he was splashed with urine. According to Steve Lopez, Jail Administrator, a detainee booked into the Jail receives two blankets, a mat, a towel, and an indigent pack that consists of toiletries. (Doc. No. 77-1, p. 1) Lopez stated that a video shows that Plaintiff was provided these items on July 2, 2014. (Doc. No. 78)  The detainee is then assigned to any available cell in the detention center, and on occasion the jail population exceeds the number of physical beds (150) at the facility. (Id.) The population changes daily and the Jail can gain or lose as many as 20-30 inmates per day.  (Id., p. 2)  Once inmates are released or transferred, bunks open up and detainees are moved to available beds.  (Id.)  Lopez also stated that while detainees are not given personal cups and utensils, they receive plastic utensils and a Styrofoam cup with their meals and Styrofoam cups are available from the food service on request.  (Id.)  Housing pods receive a cooler of drinking water daily and the detainees also can get water from the sink. (Id.)  Detainees unable to purchase a plastic cup from the commissary can request a cup from the kitchen via an intercom button.  (Id.)  Finally, a video shows that when Plaintiff was released on July 8, 2014, he entered the booking area with his mat, bedding, and supplies and returned the items.  (Id.; Doc. No. 78)

Defendants also submit Jail policies governing detainee intake, custody, and release, and housing and sanitation (Doc. Nos. 77-4, 77-5).  According to those policies, detainees are provided blankets, a sheet, towel, mat and indigent pack upon entering the Jail.  (Doc. No. 77-4, p. 2) Floors are swept and mopped daily and toilets, urinals, sinks and showers are to be cleaned daily. (Doc. No. 77-5, p. 1) In addition, detainees are required to keep their persons and quarters clean and in proper order.  (Id., p. 2.)

Even assuming as true all of Plaintiff's allegations, there is no dispute that his stay in the cell was limited to five-six days, and he alleges in his Amended Complaint that he was splashed with urine on one occasion (Doc. No. 4, p. 3). In addition, although the parties dispute whether Plaintiff was provided a mat, Plaintiff admits that he was provided with blankets, and therefore, the Court finds that this is not a dispute of material fact.[3] As noted earlier, although "[t]he Constitution does not mandate comfortable prisons," humane conditions of confinement include "adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. at 832. In addition, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." Wilson v. Seiter, 501 U.S. at 305. The United States Court of Appeals for the Eighth Circuit has held that there is no absolute Eighth Amendment right to be placed in a cell with bedding. Williams v. Delo, 49 F.3d 442, 446 (1995). And, no constitutional rights were violated when a pretrial detainee was confined in a cell with an overflowed toilet for four days, in Smith v. Copeland, 87 F.3d 265, 268-9 (8th Cir. 1996). "Conditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months,'" Whitnack v. Douglas County, 16 F.3d at 958 (quoting Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989)) (other citations omitted). And no constitutional violation was found where a detainee was required to sleep on the floor next to a toilet for six nights, in Goldman v. Forbus, 17 Fed.App. 487, 488 (8th Cir. 2001) (unpublished per curiam).

---

[3]Defendants present video exhibits of Plaintiff's entrance into and exit from the Jail, and note that he was provided with a mat and other essentials. Having reviewed the video, the Court cannot determine with certainty that Plaintiff was provided with a mat, and utensils were not in view. However, it was clear on the exit video that Plaintiff returned a bundle of bedding to the booking area. Plaintiff continues to dispute that such included a mat, and he claims Defendants falsified the date on the video. Therefore, the Court will assume as true the Plaintiff's version of the facts for purposes of this Motion.

Considering the totality of the circumstances, the short period of time at issue, and the lack of proof of deliberate indifference by any of the Defendants, the Court finds that Plaintiff's conditions of confinement were not unconstitutional, and that he provides no proof of the deprivation of a single human need. He does not allege that he was deprived of bedding, and although he claims he was not provided utensils or a cup, he does not allege that he requested such items from the kitchen, or that he was deprived of food and/or drink. Plaintiff therefore provides no proof that Defendants deprived him of a single human need. Wilson v. Seiter, 501 U.S. at 305. Therefore, given the short period of time involved and the minimal lack of personal involvement by any of the Defendants, the Court finds that no fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**B.      Official Capacity Immunity**

Similarly, Plaintiff provides no proof of Defendants' liability in their official capacities. A suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). In this case, Plaintiff appears to allege a county practice of Jail overcrowding, based on the fact that Defendants admitted that the Jail often occupies more inmates than it has physical beds. However, he provides no proof that this practice required him to sleep on a floor for an unconstitutional length of time or under unconstitutional conditions, and therefore, has not provided proof of an unconstitutional county policy or prevalent practice which resulted in a violation of his rights.

**IV.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Motion and Supplemental Motion for Summary Judgment (Doc. Nos. 69, 73) be DENIED.

2.     Defendants' Motion for Summary Judgment (Doc. No. 75) be GRANTED.

3.     Plaintiff's complaint against Defendants Staley, Bufford, Dallas, and Grigsby be DISMISSED with prejudice.

4.     Plaintiff's complaint against John Does be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 10th day of June, 2015.


_____
          JEROME T. KEARNEY
          UNITED STATES MAGISTRATE JUDGE